JUSTICE TRIEWEILER
specially concurring.
I concur with the result of the majority opinion. However, I specially concur with the majority’s resolution of issues numbered 1 and 2.
I agree with the majority’s conclusion that the plaintiff was entitled to sue in tort to recover economic damages from the defendant. Based on the facts in this case, I also agree that a duty was proven, pursuant to the stricter standard set forth in the Restatement (Second) of Torts *517 § 552 (1977). However, I would not limit an engineer’s duty to exercise reasonable care to that class of people set forth in § 552. Section 27-1-701, MCA, provides that “everyone is responsible not only for the results of his willful acts but also for an injury occasioned to another by his want of ordinary care or skill ....”1 see no reason to treat engineers differently than anyone else, and therefore, would apply ordinary negligence rules to determine the scope of liability of the defendant in this case. I would conclude that the defendant owed a duty to exercise reasonable care to all who might reasonably and foreseeably obtain and rely upon his or her work product.
I also disagree with the majority’s conclusion that Rex Mishler’s deposition was hearsay. I believe the testimony was offered to simply prove that Vince Pacifico’s statement was made, and that because it was made, the plaintiff had notice that the pipe could not be deflected. Whether or not Pacifico’s statement was true was immaterial. However, when considered in the entire context of Mishler’s deposition testimony, the statement that defendant sought to offer was equivocal and did not clearly contradict Mishler’s trial testimony. Its probative value was questionable, and therefore, I agree that the District Court did not abuse its discretion when it excluded the deposition testimony. Furthermore, even if the District Court had erred by excluding the testimony, it was of no value to the defendant, and therefore, there was no prejudice from its exclusion.
For these reasons, although I do not agree with all that is said in the majority opinion, I concur with its result.